IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SCOTT PEDERSEN,<br><br>    Plaintiff,<br><br>v.<br><br>MOUNTAIN VIEW HOSPITAL et al.,<br><br>    Defendants. | Case No. 1:11-CV-16-CW<br><br><br><br>**REPORT AND RECOMMENDATION**<br><br>Magistrate Judge Samuel Alba |

Before the Court is Defendants' motion to dismiss Plaintiff's complaint, or in the alternative, to quash service of process due to insufficient process and insufficient service of process (Docs. 11, 13). *See* Fed. R. Civ. P. 12(b)(4) & (5). Also before the Court are Plaintiff's motion to dismiss (Doc. 16); Plaintiff's motion to dismiss and to extend time to perfect an earlier pleading (Doc. 18); and Plaintiff's motion for extension of time (Doc. 19)

"Because [P]laintiff is proceeding *pro se*, the [C]ourt must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *see Ledbetter v. City of Topeka, Kansas*, 318 F.3d 1183, 1187 (10th Cir. 2003); however, Plaintiff's pro se status does not excuse him from

complying with the Federal Rules of Civil Procedure, *see Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). Furthermore, the Court will not "assume the role of the advocate for [Plaintiff]." *Perkins v. Kan. Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).

Having carefully reviewed the pleadings in this matter, the Court recommends that Defendants' Motion to Dismiss be granted due to insufficient process and insufficient service of process. The Court does not address Plaintiff's motions because they are moot in light of the Court's recommendation that the case be dismissed.

## BACKGROUND

Plaintiff, who is proceeding pro se, filed his complaint in this case on January 27, 2011, the same day his motion to proceed *in forma pauperis* was granted, and the case was assigned to United States District Judge Clark Waddoups. (Docs. 1-3.)

On March 18, 2011, Defendants filed a motion to dismiss, or in the alternative, to quash Plaintiff's summons and complaint. (Docs. 11, 13.) On April 6, 2011, Plaintiff filed a pleading entitled: "Plaintiff's Motion to Dismiss Defendant[s'] Motion for Change of Venue, Plaintiff's Motion to Dismiss the Motion to Quash and or Dismiss Plaintiff's Summons and Complaint, Plaintiff['s] Motion to Dismiss All of Defendant[s'] Motions and Claims." (Doc. 16.) On April 29, 2011, Plaintiff filed another pleading entitled "Motio[n] for Extension of Time to Perfect

2

Plaintiff[']s April 6, 2011 Pleading Under DUCivR 7-1(b)(1)(A)." (Doc. 19.)

On June 16, 2011, Plaintiff filed a motion to amend or correct his complaint. (Doc. 24.) On July 14, 2011, Plaintiff filed a motion for default judgment (Doc. 25) and another motion to amend or correct his complaint (Doc. 26). Pursuant to the Court's July 26, 2011 order, Plaintiff submitted his proposed amended complaint on August 9, 2011. (Docs. 28, 37.)

On August 29, 2011, the parties presented oral arguments to the Court, focusing mainly on Defendants' motion to dismiss or quash. (Doc. 38.)

## ANALYSIS

Defendants argue that due to insufficient process and insufficient service of process, as well as other considerations, Plaintiff's case should be dismissed. Having carefully considered the parties' arguments, the Court agrees with Defendants and recommends that Plaintiff's case be dismissed without prejudice.

### A. Process and Service of Process

Plaintiff's attempt at process and service of process was replete with insufficiencies and error. For example, each of the four summons failed to comply with the requirements of Rule 4(a). *See* Fed. R. Civ. P. 4(a). Rule 4(a) requires that a summons name all of the parties and be directed to the defendants, *see* Fed. R. Civ. P. 4(a)(1)(A) & (B); however, each of the four summons at

3

issue named different defendants.  One copy of the summons, naming only "Kevin Johnson, CEO" as the defendant, was slid under Mr. Johnson's locked office door after business hours.  (Doc. 14, Ex. A (Affidavit of Kevin Johnson).)  A second copy, naming "Steve Yamata, Recreational Therapist" as the sole defendant, was left on the chair of Jo Burt, the Chief Nursing Officer.  (*Id.*) A third copy, naming "Mt View Hospital, Inc." as sole defendant, was left on the desk of Rick Johnson, the Assistant Administrator.  (*Id.*)  A fourth copy, naming only "John and Jane Does 1-10 and MT View Hospital" as defendants, was mailed to Robert Harrison, Defendants' attorney.  (*Id.*, Ex. B (Summons and Complaint).)  Each of these four summons fails to comply with Rule 4(a), resulting in insufficient process.  *See* Fed. R. Civ. P. 12(b)(4).

As evidenced by the exhibits just referenced, Plaintiff did not strictly comply with Rule 4 in effecting service of process. *See* Fed. R. Civ. P. 4(e) (setting forth how to serve process on individual defendants); Fed. R. Civ. P. 4(h) (setting forth how to serve process on a corporation).  Anonymously leaving copies of the summons in different locations in the hospital does not constitute proper service of process.  As a result, service of process was insufficient in this case.  *See* Fed. R. Civ. P. 12(b)(5).

All litigants are required to follow the basic requirements of Rule 4, including pro se litigants.  *See DiCesare v. Stuart*,

4

12 F.3d 973, 980 (10th Cir. 1983). Actual notice is not a substitute for proper Rule 4 notice. *See Wadford v. Walters*, 69 F.3d 549, 1995 WL 662080, *1 (10th Cir. 1995) (unpublished). Plaintiff failed to comply with Rule 4 in this case; consequently, the Court lacks jurisdiction to further consider this case. *See Bartels v. Hecker*, 46 F.3d 1150, 1995 WL 24911, *2 (10th Cir. 1995) (unpublished) (concluding court lacked personal jurisdiction over individual defendant because personal service was not effected as required by Rule 4). As a result, and for the reasons specified herein, the Court recommends that this case be dismissed without prejudice.

### B. Authority for Dismissal

It is within a federal district court's discretion to dismiss a complaint for improper or untimely service, *see* Fed. R. Civ. P. 4(m); *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995). Although Plaintiff probably could effect proper service of process, the court recommends that this case be dismissed without prejudice (rather than merely quashing service of process) because of the circumstances surrounding this case.

It is uncontested that Plaintiff, who is proceeding pro se in this matter, filed in state court a complaint very similar to that filed in this case. (Doc. 14, Ex. C (Verified Complaint, Case No. 100103738, Fourth Judicial District, State of Utah).) That complaint was served on CT Corporation, the Registered Agent for Mountain View Hospital, (*id.*, Ex. D (Service of Process

5

Transmittal dated September 13, 2010)), a fact evidencing that Plaintiff was, or should have been, aware of the existence of a registered agent for Defendants. Plaintiff explained to the Court at oral arguments that he had hired an attorney to represent him in the state court, but that attorney had quit his case.

In addition to the instant case, Plaintiff has filed another similar case in this Court. *See Pedersen v. Hospital Corporation of America*, 1:11-CV-41-CW-PMW.[1]

Plaintiff represented to the Court that he is attempting to secure new counsel who would represent him in this case. Dismissing this case without prejudice will allow the state case to proceed and Plaintiff to secure an attorney to assist him in this matter.

In the alternative to dismissing this case without prejudice, the Court recommends that Defendants' motion to quash

---

[1] The Court notes that it appears Plaintiff is not a stranger to this Court or its rules. In addition to this case and his other currently pending case, Plaintiff has filed a few other actions in this Court over the years. *See Pedersen v. Lone Peak Title*, 2:11-CV-198-BSJ; *Pedersen v. Western Petroleum*, 2:07-CV-997-TS; and *Pedersen v. American Bar Association*, 2:01-CV-314-TS. In addition, although Plaintiff is not listed as a plaintiff in *Washburn v. United States Department of Justice*, 2:01-CV-268-PGC, Plaintiff filed a motion in that case (Doc. 2 of 2:01-CV-268-PGC), and appears to be very connected with Dr. Washburn, who is included as a party in some of Plaintiff's other cases in this court, including upon the amended complaint he submitted to the court in this case.

service of process be granted due to insufficient process and insufficient service of process, discussed above.

## **RECOMMENDATION**

Based on the above analysis, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss (Docs. 11, 13) be **GRANTED.**

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to object to the same. The parties are further notified that they must file any objections to the Report and Recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within fourteen (14) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 31st day of August, 2011.

BY THE COURT:

_____
SAMUEL ALBA
United States Magistrate Judge